NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CRUZ VALDOVINOS TAFOLLA; KEVIN ALEXIS RAMIREZ VALDOVINOS, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-2029 <br><br> Agency Nos. A215-815-396 <br> A215-815-397 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioners Maria Cruz Valdovinos Tafolla and her minor son, Kevin Alexis

Ramirez Valdovinos, both citizens of Mexico, petition for review of a decision by

the Board of Immigration Appeals ("BIA") dismissing their appeal of an

Immigration Judge's decision denying Valdovinos Tafolla's application for

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

asylum, withholding of removal, and protection under the Convention Against Torture.[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We deny the petition.

To qualify for asylum, Valdovinos Tafolla must show that she was persecuted or has a well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A), and that one of these protected ground constitutes "one central reason" for the alleged persecution, *id*. § 1158(b)(1)(B)(i).  To qualify for withholding of removal, Valdovinos Tafolla must show that one of these protected grounds constitutes "a reason" for the persecution.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A).  Substantial evidence supports the BIA's determination that Valdovinos Tafolla failed to establish a sufficient nexus, under either of these standards, between her alleged

---

[1] The son did not file a separate application and is only a derivative beneficiary of his mother's application for asylum.  *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Convention Against Torture "may not be derivative").

2

persecution and her membership in her asserted particular social groups.

The agency permissibly concluded, on this record, that the alleged harm that Valdovinos Tafolla suffered from her former partner was due to the anger and abusiveness associated with his intoxication, and not on account of her asserted membership in either of the particular social groups of "quasi immediate relatives" of her former partner or "Mexican women fleeing domestic violence." Valdovinos Tafolla herself testified that her former partner would beat her when he was drunk and that he drank frequently. Although Valdovinos Tafolla argues that the agency should instead have drawn the inference that her former partner abused her on account of "her position in Mexican society" and her membership in her asserted particular social groups, the record does not compel that conclusion. Consequently, the agency properly concluded that Valdovinos Tafolla failed to establish the nexus required for either asylum or withholding of removal. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1144–45 (9th Cir. 2021) (stating that "'[p]urely personal retribution' is not persecution 'on account of' a protected ground" (alteration in original) (citation omitted)).

Moreover, given the lack of any past persecution with a nexus to a protected ground, the agency also properly determined that Valdovinos Tafolla failed to show that she could not safely and reasonably relocate within Mexico to avoid feared future harm. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir.

2019). "For purposes of asylum and withholding of removal, assessing [Valdovinos Tafolla's] ability to relocate consists of two steps: (1) whether she could relocate safely, and (2) whether it would be reasonable to require her to do so." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 755 (9th Cir. 2021) (simplified). The record does not compel the conclusion that relocation would be unsafe. On the contrary, Valdovinos Tafolla had safely relocated before: her ex-partner did not contact her for four years after she left him and moved to a different city in Mexico less than three hours away. Nor does the record compel the conclusion that relocation would be unreasonable. Valdovinos Tafolla's parents and siblings, with whom she has good relationships, reside in various parts of Mexico up to eight hours away from her ex-partner, and she has not carried her burden of demonstrating that it would be unreasonable to require her to live near them.

Substantial evidence also supports the agency's denial of Valdovinos Tafolla's application for protection under the Convention Against Torture. Such protection "cannot be granted unless an applicant shows a likelihood of torture that 'is inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity.'" *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (citation omitted). The agency relied on evidence in the record showing that the Mexican government has taken concrete steps to deter domestic violence and to protect victims, and

4

Valdovinos Tafolla has failed to show that the record compels the contrary conclusion that a Mexican official would consent or acquiesce to her torture. The agency therefore permissibly rejected her application for relief under the Convention Against Torture.

**PETITION DENIED.**